**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED by _____ D.C.

NOV 1 5 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FOUR SEASONS HOTELS AND RESORTS
B.V., FOUR SEASONS HOTELS (BARBADOS)
LTD., and FOUR SEASONS HOTELS LIMITED,

Plaintiffs,

vs.

CONSORCIO BARR, S.A., and
CARLOS L. BARRERA,

Defendants.

Civil Action No. 01-4572

Middlebrooks/Bandstra

---

**PRELIMINARY INJUNCTION**

This Cause comes before the Court upon the Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order filed with the Court on November 6, 2001. The Court determined that the advisability of a preliminary injunction was necessary. A hearing was held on November 14, 2001 at which time the parties were afforded an opportunity to be heard and to present evidence.[1] The Plaintiffs seek to enjoin the Defendants' alleged illegal access to its computer systems based upon the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(4) and 1030(a)(2)(c), and the Florida Trade Secret Misappropriation Act, Fla. Stat. 688.001. The Court has reviewed the record and is fully advised in the premises. The Court finds that a preliminary injunction is warranted in this matter.

FACTUAL BACKGROUND

Jozel Venegas, Ph.D is Director of Management Information Systems (MIS) for Four Seasons Hotels and Resorts. On October 5, 2001, Dr. Venegas went to the Four Seasons Hotel in Caracas, Venezuela to investigate problems originating at the Four Seasons Hotel Caracas regarding interception of intra-corporate e-mail which are used by Four Seasons Hotels

1

worldwide over its private network. (Affidavit of Dr. Jozel Venegas,  5).

Eduardo Bencomo was previously employed by Four Seasons Hotels and served as Assistant Manager of Information Systems.  In or about July, 2001, Robert ("Bob") O Neill was transferred from the Four Seasons Hotel and Resort in San Francisco, California to the Four Seasons Hotel Caracas as head of security.  Bob O Neill gave Eduardo Bencomo a CD-ROM containing the database for the e-mail systems for Four Seasons Hotels and other proprietary and confidential information of Four Seasons Hotel to install at the Four Seasons Hotel Caracas, enabling Bob O Neill to receive e-mails in Caracas.  Eduardo Bencomo never returned the CD-ROM to Bob O Neill. (Affidavit of Dr. Jozel Venegas,  6).

Dr. Venegas learned that in August, 2001, five (5) executive planning committee members of Four Seasons Hotels reported that their e-mails had been read by someone else prior to their receipt.  The e-mail violations were reported by the five (5) executive committee members on the same day.   Dr. Venegas also learned that Rosa Boliver, MIS Manager at Four Seasons Hotel Caracas inspected Eduardo Bencomo s computer and found on its hard drive a series of computer hacker software programs. (Affidavit of Dr. Jozel Venegas,  8).  Eduardo Bencomo s hard drive contained Lophcrack version 2.5, a computer program which by-passes user and password protections found on computers.  Rosa Bolivar ran the Lophcrack program from Eduardo Bencomo s computer and found that it had been used to by-pass user and password protection on the Four Seasons Hotel s computer network.   Rosa Bolivar s inspection of Eduardo Bencomo s computer revealed a program called NetBEUI which allows access between two separate networks at the same time.  NetBEUI is expressly prohibited by Four Seasons Hotels.  Rosa Bolivar confirmed that Eduardo Bencomo was using NetBEUI to allow Defendant Consorcio Barr, C.A. access to Four Seasons Hotels  computer network which contains proprietary and confidential information belonging to Four Seasons Hotels and Resorts. (Affidavit of Dr. Jozel Venegas,  8).

The network Eduardo Bencomo accessed from the Four Seasons Hotel Caracas provides access to the entire e-mail system of Four Seasons Hotels.  The network Mr. Bencomo accessed provides access to the Micros software which is the point of sole software customized for and

used by Four Seasons Hotels worldwide and which is proprietary to Four Seasons Hotels.  The network Mr. Bencomo accessed also provides access to the Fidelio software which is the front office software used by Four Seasons Hotels and is proprietary to Four Seasons Hotels.  The network Eduardo Bencomo accessed provides access to the Boch Office software, a financial data software program created by Four Seasons Hotels.

Four Seasons Hotel Caracas terminated Mr. Bencomo; he was hired the next day by Defendant Consorcio Barr, C.A.  Eduardo Bencomo remains employed by Defendant Consorcio Barr, C.A. Mr. Bencomo took with him a computer workstation with proprietary information and software belonging to Four Seasons.  (Affidavit of Dr. Jozel Venegas,  8).

When he arrived in Caracas, Venezuela in October, Dr. Venegas requested access from Defendant Consorcio Barr, C.A. to the Communications Room containing the telephone system for the hotel and controlled by Defendant.  The Communications Room also contains a switch box where all connections to Four Seasons Hotel computer network originates. Dr. Venegas was denied access to the Communications Room for three (3) days.   When he was provided access, he noticed three (3) empty jacks on the switch box which appeared to have been disconnected during the previous three (3) days.  The Communications Room also contained the Four Seasons computer server which provides access to the entire Four Seasons Hotels  computer network.  By accessing the Four Seasons network through the server located in the Communications Room, one can have access to Four Seasons  sensitive and proprietary information, including guest histories for all guests who have stayed at the Four Seasons Hotels around the world, including the United States. Dr. Venegas immediately demanded that the Four Seasons server be moved to the Systems Room in the Four Seasons Hotel Caracas. (Affidavit of Dr. Jozel Venegas,  10).  To this date, the Four Seasons server has not been moved to the Systems Room in the Four Seasons Hotel Caracas and remains in the Communications Room.  (Affidavit of Dr. Jozel Venegas,  12).

The proprietary information contained on the Four Seasons Hotels network includes names, addresses, credit card information, spending habits and preferences for all guests staying at

3

any Four Seasons Hotel in the world. Dr. Venegas confirmed that Defendant Consorcio Barr, C.A. had gained access to the Four Seasons Hotels network. Dr. Venegas confirmed that Defendant Consorcio Barr, C.A. continues to attempt to access the Four Seasons Hotels network without authorization. (Affidavit of Dr. Jozel Venegas, 12).

## LEGAL ANALYSIS

The Plaintiffs, seek to enjoin the defendants alleged illegal access to its computer systems based upon the Computer Fraud and Abuse Act,18 U.S.C. 1030(a)(4) and 1030(a)(2)(c), and the Florida Trade Secret Misappropriation Act, Fla. Stat. 688.001. Although the Computer Fraud and Abuse Act is a criminal law, it provides for a civil action to obtain compensatory damages and injunctive relief to any person who suffers damage or loss by reason of a violation of the criminal provisions. 18 U.S.C. 1030(g).

To prevail on a motion for preliminary injunction, the plaintiff must establish 1) a substantial likelihood of success on the merits, 2) that it would be irreparably harmed it the injunction is denied, 3) the threatened injury to the plaintiff outweighs the damage the injunction may cause to the alleged infringer, and 4) that the Court s issuance of the injunction would not be adverse to the public interest. *Davidoff v. PLD Int l Corp.,* 263 F.3d 1297, 1300 (11th Cir. 2001); *McDonald s Corp., v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998).

The plaintiffs have demonstrated a substantial likelihood of success on the merits. Under the Computer Fraud and Abuse Act,18 U.S.C. 1030(a)(4), Four Seasons must show that the defendants knowingly and with the intent to defraud accessed their computer without authorization or exceeded their authorized access and obtained information of value. Under section 1030(a)(2)(c), Four Seasons must establish that the defendants intentionally accessed the computer without authorization (or exceeded their authorization) and obtained information where the conduct involved interstate or foreign commerce. Four Seasons provided evidence that the defendants exceeded their authority to the information. Dr. Venegas testified that he detected the defendants computers accessing the Four Seasons systems.

To prevail on its claim for trade secret misappropriation, the Plaintiffs must demonstrate first that the information it seeks to protect is indeed a trade secret and that they have taken

reasonable steps to protect the information. *American Red Cross v. Palm Beach Blood Bank,* 143 F.3d 1407, 1410 (11th Cir. 1998)(discussing the Florida trade secret provisions). A trade secret consists of information that 1) "derives economic value from not being readily ascertainable by others" and 2) "is the subject of reasonable efforts to maintain its secrecy." *Id.* Four Seasons must also establish that its trade secret was misappropriated by either a person who knew (or had reason to know) that it was improperly obtained or by a person who used improper means to obtain the information. *Del Monte Fresh Produce Co.v. Dole Food Company, Inc.,* 136 F.Supp.2d 1271, 1291 (S.D.Fl. 2001); Fla Stat. 688.002 (definition of misappropriation). Dr. Venegas testified that the Four Seasons computer system and proprietary programs are closely guarded and password protected. The customer lists and confidential business information are protected as trade secrets under Florida law. *Kavanaugh v. Stump,* 592 So.2d 1231 (Fla. App. 5th Dist. 1992).

The plaintiffs have also presented evidence to satisfy the other factors of the preliminary injunction. The plaintiffs presented evidence that they were irreparably harmed due to the loss of important client information. The balance of harms also weighs in the favor of the plaintiffs; the defendants have no entitlement to plaintiff s proprietary information. Finally, the federal statute clearly indicates that the prevention of the unauthorized access to such information is within the public interest.

It is hereby,

**ORDERED AND ADJUDGED** that

The Defendant Consorcio Barr, S.A. and its parents, subsidiaries, affiliates, officers, directors, agents, employees, attorneys, and all those in active concert or participation with them, are hereby preliminarily enjoined and restrained from engaging in any of the following acts:

1. Accessing or attempting to access Plaintiffs computer network and electronic mail systems;

2.      Obtaining, disclosing or using any information or data accessible through Plaintiffs computer network and electronic mail systems;

3.      Denying Plaintiffs access to any computer connected to Plaintiffs computer

5

network systems.

It is further ORDERED AND ADJUDGED as follows:

1. The Defendants shall return to the custody and control of the Plaintiffs within forty-eight hours of the entry of this Order, the backbone, the Open Reach server, the workstation alleged to be taken by Mr. Bencomo and the 3 Com Switch.

2. Defendants shall return immediately any information or compilation obtained through access to Plaintiffs' computer systems.

3. Bond is set at $30,000 to be paid to the Clerk of the Court.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of November 2001.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

network systems.

It is further ORDERED AND ADJUDGED as follows:

     1. The Defendants shall return to the custody and control of the Plaintiffs within forty-eight hours of this Order, the backbone (3 Com Switch), the Open Reach Server and the workstation (alleged to be taken by Mr. Bencomo).

     2. Defendants shall return immediately any information or compilation obtained through access to Plaintiffs' computer systems.

     3. Bond is set at $30,000 to be filed with the Clerk of the Court.

     DONE AND ORDERED in Chambers at Miami, Florida, this _15_ day of November 2001.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record